UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LAKETTA DAVENPORT, )<br>      Plaintiff, )<br>)<br>     v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>Administration, )<br>      Defendant. ) | CAUSE NO.: 2:07-CV-0064-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 20], filed by Barry A. Schultz, counsel for Plaintiff Laketta Davenport, on February 26, 2008.  On April 1, 2008, the Commissioner filed a response in opposition to counsel for Plaintiff's fee request.  On April 9, 2008, Plaintiff's counsel filed a reply.  For the following reasons, the Court grants the Motion.

**BACKGROUND**

On October 15, 2004, Plaintiff filed an application for SSI, alleging disability since October 1, 2004, due to diminished left arm strength and left arm pain.  Plaintiff's application was initially denied on February 1, 2005, and also upon reconsideration on April 5, 2005.  On May 23, 2005, Plaintiff filed a timely request for a hearing, which was held on February 28, 2006, before Administrative Law Judge L. Zane Gill ("the ALJ").  Plaintiff appeared at the hearing and her attorney proffered on her behalf.  Vocational Expert Thomas Dunleavy ("the VE") appeared and testified at the hearing and later answered additional interrogatory questions from the ALJ.  In a decision dated September 26, 2006, the ALJ denied Plaintiff's application for SSI, finding that

Plaintiff did not have a disability within the meaning of the Social Security Act and that she could perform other jobs, which exist in significant numbers in the national or regional economy.

Plaintiff filed a timely Request for Review with the Social Security Administration Appeals Council. On January 5, 2007, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

On February 28, 2007, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision. On July 23, 2007, Plaintiff filed an opening brief, submitting the following six arguments in favor of reversal or remand: (1) the ALJ did not question Plaintiff in detail about her impairments and daily activities, and thus failed to fully develop the record; (2) the ALJ's credibility determination was inadequate because he failed to consider the factors set forth in SSR 96-7p; (3) the ALJ performed an inadequate "perfunctory analysis" in rejecting Plaintiff's assertion that her impairments met the Listing 1.04A requirements; (4) the ALJ failed to consider limitations caused by Plaintiff's severe chronic headaches; (5) the ALJ failed to properly analyze the opinions of Plaintiff's physicians; and (6) the ALJ failed to satisfy his burden at Step Five, and specifically failed to comply with SSR 00-4p.

On January 9, 2008, the Court issued an Opinion and Order remanding this matter for further consideration. The Court granted remand on two issues: the ALJ's examination of Plaintiff's credibility; and the ALJ's examination of the VE, which the Court found did not comply with SSR 00-4p.

On February 26, 2007, Plaintiff's counsel filed the instant Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). The Motion is now fully briefed and before the Court.

2

**ANALYSIS**

In the Motion for Attorney's Fees, Plaintiff's counsel requests an award of fees at an hourly rate of $167.38 for attorney work performed in 2007 and 2008, under the EAJA, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii) and the Consumer Price Index.[1] Plaintiff's attorney also requests an hourly rate of $85.00 for work performed by a legal assistant. Finally, Plaintiff's attorney requests compensation for the time spent preparing the instant Motion for Attorney's Fees.

In his opening Motion, counsel for Plaintiff requests attorney's fees in the amount of $6,421.53, which represents 37.2 attorney hours worked at the rate of $167.38 per hour (totaling $6,226.54); and 2.3 legal assistant hours at the rate of $85.00 per hour (totaling $195.50).[2] In his reply brief, Plaintiff's attorney requests an adjusted total amount of attorney's fees of $6,839.98, to include 2.5 attorney hours at the rate of $167.38 per hour (totaling $418.45) for time spent preparing the reply brief.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).  Pursuant to 28 U.S.C. §

---

[1]Based on the time sheet submitted with Plaintiff's Motion, it appears that two attorneys performed work on behalf of Plaintiff in this case. However, only a single attorney, Barry A. Schultz, entered his appearance in this matter on Plaintiff's behalf. Thus, in this Opinion and Order, the Court refers to Plaintiff's counsel as a single attorney.

[2]According to the Court's arithmetic, which is based on counsel's time sheet, counsel's bill for his pre-reply brief efforts totals $6,422.04. However, the Court will rely on counsel's adjusted total, which is approximately $.50 less than that calculated by the Court.

2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In this case, it is uncontested that Plaintiff is the prevailing party and that she and her attorney filed the instant Motion in a timely manner. There are now two issues before this Court: (A) whether the position of the Commissioner was "substantially justified;" and (B) whether the fees requested by Plaintiff's attorney are reasonable. The Court will address the issues separately.

### A. Substantially justified

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the [Commissioner,]" which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). The court should evaluate the factual

and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the United States Court of Appeals for the Seventh Circuit stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568-69. The Commissioner bears the burden of proof in showing that his litigation position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

As a starting point for analysis, the Court summarizes its January 9, 2008 Opinion and Order. In the Order, the Court remanded this matter for further administrative proceedings with regard to two issues: (1) the ALJ's analysis of Plaintiff's credibility; and (2) the ALJ's questioning of the VE,

5

as required by SSR 00-4p. Plaintiff's attorney argues that in light of the statutory and regulatory requirements applicable to these issues and relevant Seventh Circuit case law, the Commissioner's position was not substantially justified. In response, the Commissioner argues that the Court affirmed most of the issues appealed by Plaintiff, and that his position as to the two issues the Court did remand was such that reasonable opinions could differ as to the appropriateness of the posture.

*1. Credibility analysis*

Plaintiff's attorney contends that the Commissioner's support of the ALJ's credibility determination is contrary to the requirements of SSR 96-7p and not substantially justified. Ruling 96-7p requires the ALJ to consider the record as a whole, including objective medical evidence, the claimant's statements about symptoms, any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant, and any other relevant evidence. *See* SSR 96-7p. If an allegation of pain is not supported by the medical evidence and the claimant states that her inability to work is due to significant pain, the ALJ must obtain detailed descriptions of claimant's daily activities by making specific inquiries about the effects of the pain. *See Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

Arguing that the Court should find his position substantially justified, the Commissioner compares this case to *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). In *Cunningham*, the district court remanded the Commissioner's decision to deny benefits for further consideration of evidence regarding the plaintiff's credibility. Subsequently, the district court denied the plaintiff's attorney's request for fees under the EAJA. On appeal, the Seventh Circuit concluded that *Cunningham* was not a case in which the ALJ made an obvious error, or based his conclusion on speculation. *See id.* at 864-65. Instead, the court found that the ALJ had relied on evidence of

6

record in reaching his credibility conclusion. *See id*. The ALJ considered the plaintiff's testimony at his disability hearing and several relevant medical evaluations. However, the ALJ failed to fully explain why he decided that the plaintiff lacked credibility regarding his claimed back pain even though the medical evidence supported his claim. Finding that the ALJ merely "failed to connect all the dots in his analysis," the court had "no trouble [then] concluding the Commissioner's position was substantially justified." *Id*. at 865.

In contrast, Plaintiff's counsel draws the Court's attention to *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943 (E.D. Wis. 2003). In *Koschnitzke*, the ALJ's credibility determination was one of two issues for which the district court remanded the plaintiff's case for further administrative review. The plaintiff's counsel subsequently applied to the court for EAJA attorney's fees. The court found the ALJ's credibility determination "fatally flawed" because the ALJ failed to discuss several of the SSR 96-7p factors, he failed to link those factors that he did discuss to his findings, and he relied on insubstantial evidence to reach his conclusion (fact that the plaintiff failed to show up for physical therapy appointment, and an inconsistency in the length of time the plaintiff testified he was able to sit without pain and the time he sat during the disability hearing – 15 vs. 45 minutes). *Id*. at 951-52. The court concluded that the ALJ's credibility analysis, combined with the other issue remanded to the administrative level, left the Commissioner's position without substantial justification. *See id*. at 952.

Here, in his decision, the ALJ concluded that ". . . the claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely credible." R. at 14. Remanding this matter on that finding, the Court found that the ALJ ignored the findings of other physicians, including one of Plaintiff's treating physicians, who found that Plaintiff tested positive

7

for a left Spurling's Sign, which indicates pain. The medical record also includes repeated findings that Plaintiff had a herniated cervical disc, a condition the ALJ did not consider in connection with Plaintiff's complaints of pain. The Court also found persuasive that the ALJ only considered one of the seven factors announced in SSR 96-7p. The SSR 96-7p factors are to be considered by an ALJ evaluating a claimant's complaints of pain. The ALJ failed to consider treatments Plaintiff received, which included an intramuscular injection to relieve pain; Plaintiff's prescribed medications, which included five medications with a pain relief component; Plaintiff's daily activities; the location, duration, and frequency of her pain; and how effective treatment measures had been to relieve her pain.

In the Order remanding this case for further administrative proceedings, the Court acknowledged that some evidence in the record supports the ALJ's finding that Plaintiff was not fully credible. The evidence includes Plaintiff's inconsistent reports to doctors regarding the intensity and persistence of her symptoms, which led one physician to explicitly state in a written treatment note that he was unable to reconcile Plaintiff's lack of sensation. The ALJ also appropriately discounted the conclusory findings of one physician who adopted Plaintiff's complaints of pain. This supportive evidence, however, was not enough to cure the ALJ's incomplete analysis and the Court found that his decision was not sufficiently developed for review.

The Commissioner characterizes the flaws in the ALJ's credibility determination as articulation failures, which ". . . in no way necessitates a finding [that] the Secretary's position was not substantially justified." *See* Comm'rs Resp. Br. at 6 (quoting *Stein*, 966 F.2d at 319-20). The Commissioner contends that because the ALJ did take relevant evidence into consideration, he merely failed to articulate his consideration, and his analysis was sufficient. The Commissioner also

8

makes much of the fact that the Court did "not find that the ALJ's credibility determination was patently wrong. Rather, the Court require[d] greater explanation from the ALJ . . ." *Davenport v. Astrue*, No. 2:07-CV-64, Order Remanding Case, at *22, Jan. 9, 2008.

Evaluating the case law identified by the parties in the context of the facts presented in this case, the *Cunningham* decision is not persuasive. The standard for the Court's analysis of the instant Motion is whether the Commissioner was substantially justified in litigating this case from start to finish. In *Cunningham*, the district court remanded the case on its merits, finding that the ALJ engaged in an incomplete analysis of evidence. The Seventh Circuit then subsequently awarded fees to the plaintiff's attorney in *Cunningham*. The Commissioner is entitled to, and does, rely on *Cunningham* for an analysis of the fees issue. However, because the court found that the ALJ failed to properly question the plaintiff as to his credibility and remanded the case for further administrative proceedings, *Cunningham* does not advance the Commissioner's argument that he was substantially justified in pursuing his litigation position.

The Commissioner's argument that the ALJ's failure was one of articulation is unpersuasive. The ALJ's analysis in this case was similar to the analysis seen in *Koschnitzke*, which while not a controlling decision, influences the Court's analysis. Here, the ALJ failed to consider several key pieces of evidence. In evaluating the credence of Plaintiff's complaints of pain, the ALJ did not consider Plaintiff's prescribed pain medications or a medical test specifically designed to test pain, which produced a positive result. Failing to consider such relevant evidence goes beyond a mere failure in explanation. While the ALJ did not outright fail to consider Plaintiff's credibility or reject

9

a conflicting opinion or evidence, he failed to consider relevant pieces of evidence. Thus, the Commissioner's position on this issue is without substantial justification.

*2. VE questioning and SSR 00-4p*

Plaintiff's attorney argues that the Commissioner's position supporting the ALJ's questioning of the VE as to the consistency of the VE's testimony with the information provided by the Dictionary of Occupational Titles ("DOT") is contrary to the requirements of SSR 00-4p and the United States District Court for the Southern District of Indiana decision in *Morton v. Barnhart*, No. 1:03CV0995, 2005 WL 1528242 (S.D. Ind. June 28, 2005). The Commissioner argues that his position on this issue was substantially justified.

SSR 00-4p provides that an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the [DOT] . . ." SSR 00-4p. The DOT is "a standard reference work that is often consulted to determine whether a person with the claimant's [RFC] can perform work available in the national economy." *Morton*, 2005 WL 1528242, at *2. Here, the VE testified at Plaintiff's disability hearing. The ALJ did not question the VE at the hearing as to the consistency between his testimony and information in the DOT. However, following the hearing, the ALJ submitted written interrogatories to the VE, including the following question:

> Do the jobs (if any) cited in your hypothetical response conform to the criteria set forth in the Dictionary of Occupational Titles (DOT)? (Please indicate "yes" or "no". If there are differences in the jobs identified please explain the nature of the difference and the basis for your opinion as to the appropriateness of the identified job and any source material relied upon in reaching this opinion.)"

R. at 24. The VE did not answer this question and left the answer space below the question blank. The Commissioner argues that the ALJ's attempt to resolve the DOT issue, although it did not

10

comply with the requirements set forth in SSR 00-4p, was such that the Commissioner's support of the effort was substantially justified.[3] The Commissioner relies on an answer the VE provided in response to another post-hearing interrogatory, which provides, "I have observed these jobs to be performed as [the] hypo above states." *Id*. The Commissioner contends that to the extent the jobs the VE identified potentially conflicted with the DOT descriptions, the VE provided an explanation for any apparent conflict.

The Commissioner draws distinctions between this case and the Seventh Circuit decision in *Prochaska v. Barnhart*, a leading Seventh Circuit case on this issue. *See* 454 F.3d 731, 735 (7th Cir. 2006). In *Prochaska*, a case involving the merits of a claimant's appeal for benefits, the ALJ failed to make any inquiry as to the consistency between the VE's testimony and the information contained in the DOT. This led the court to remand the matter on that issue alone. *See id*. at 736. Not seeing the forest for the trees, the Commissioner argues that here, for purposes of substantial justification, the ALJ's post-hearing interrogatory was a sufficient effort to inquire about potential inconsistencies between the VE's testimony and the information contained in the DOT.

The Court disagrees with the Commissioner's argument. The core requirements of the *Prochaska* decision and SSR 00-4p are not focused on an inquiry into conflicts between a VE's testimony and the information provided by the DOT. That would be ineffective. Rather, the primary intent is for the ALJ to identify and resolve any inconsistencies between the VE's testimony

---

[3]The Commissioner also argues that the Court's reference, in its January 9, 2008 Order, to Plaintiff's questioning of the methodology used by the VE in arriving at the number of jobs available in the local economy is not related to the DOT issue. On this point, the Court agrees. While the Court included this analysis in the section of the Order devoted to the SSR 00-4p analysis, it is not directly related. The DOT is not the only informational source from which the VE draws information to reach his findings. In this case, the VE represented that he formed his available job conclusions based on the Chicago Metropolitan Statistical Area, plus the Gary, Indiana contiguous region. Plaintiff's questioning of the VE's methodology in reaching his conclusion as to the number of jobs available does not further call into the question his analysis required by SSR 00-4p.

11

and the DOT so the issue does not shroud the facts forming the basis of the ALJ's decision like a dark cloud.

The Seventh Circuit has opined that sufficient support to justify an adverse award of attorney's fees exists where there is "[s]trong language against the government's position in an opinion discussing the merits of a key issue . . ." *Golembiewski*, 382 F.3d at 724 (citing *Marcus*, 17 F.3d at 1038). The court in *Morton* awarded EAJA fees to plaintiff's counsel, finding that the Commissioner's support of the ALJ's failure to question the VE as to whether his testimony was consistent with the DOT was "a straightforward failure to comply with the specific requirements of SSR 00-4p," and that "the Commissioner's position, both before and during litigation, has not been substantially justified." No. 1:03CV0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005) (citing *Golembiewski*, 382 F.3d at 724). Further, the court's language in the *Prochaska* decision places a clear burden on the ALJ to determine whether the VE's testimony is consistent with the DOT. *See* 454 F.3d at 735. These decisions, combined with the language of SSR 00-4p, provide the strong language required in this Circuit.

Here, the ALJ made an effort to inquire about the consistency between the VE's testimony and the DOT. However, the VE gave no response. The VE's reference in a different interrogatory response to jobs being performed in line with the ALJ's hypothetical explains the VE's basis for identifying certain jobs that Plaintiff was able to perform but does nothing to resolve any inconsistencies with the information supplied by the DOT. The Commissioner suggests that the VE's silence in answering the ALJ's interrogatory question about the DOT indicates that the ALJ found no conflicts between his testimony and the DOT. However, the Court is unable to infer an answer from the VE's silence. This is especially so because the ALJ's question expressly requested

12

a "yes" or "no" answer. Thus, the ALJ did not rule out inconsistencies between the VE's testimony and the DOT and his interrogatory question does not satisfy the burden imposed by SSR 00-4p and Seventh Circuit precedent. As such, the Commissioner's position supporting the ALJ's questioning of the VE is without substantial support. Because the Commissioner's positions on both issues remanded by the Court were without substantial justification, and were contrary to established law, Plaintiff's counsel is entitled to reasonable fees pursuant to the EAJA.

### B.  Fees

Plaintiff's attorney now has the burden of proving that the EAJA fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). "'Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*.

Here, the Commissioner argues, in a footnote contained within his response brief, that one hour of Plaintiff's attorney's billed time is clerical or administrative work and should not be billed to the Government pursuant to EAJA. The Commissioner does not object to the remaining fees requested by Plaintiff's attorney. In total, Plaintiff's attorney requests $6,839.98 in fees resulting from 39.7 hours of attorney work and 2.3 hours of legal assistant work, which he argues was a reasonable amount of time spent working on this case.

13

In the Seventh Circuit, several courts considering the issue have found that a prevailing attorney is not entitled to collect statutory attorney's fees for time spent on clerical tasks. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999) (quoting *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)) (analyzing fees awarded pursuant to the Fair Labor Standards Act's provision for awarding attorney's fees, the court found that hours spent by counsel "on tasks that are easily delegable to non-professional assistance" should be disallowed); *Seamon v. Barnhart*, No. 05-C-0013, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006) (in a social security case analyzing the award of attorney's fees pursuant to the EAJA, the court found that the prevailing plaintiff's attorney was not entitled to fees for clerical tasks such as reviewing service of summonses and sending proof of service to the court).

Here, the Commissioner objects to four different billing entries. Each of the four entries involves Plaintiff's attorney reviewing a court order. Two of the four billing entries, totaling 0.5 hours of attorney work time, are clerical in nature and the Government should not be billed for those activities. Specifically, the two entries seek fees for (1) reviewing a court order and determining when the Commissioner's answer was due; and (2) reviewing a court order and setting briefing and drafting schedules. These activities are not necessary activities for an attorney to undertake and the Government should not reasonably have to pay fees for Plaintiff's attorney setting schedules and reviewing brief court orders. The remaining two entries in question involve attorney review of substantive legal issues and Plaintiff's counsel is entitled to fees for those activities. The Court deducts 0.5 hours from the total bill submitted by Plaintiff's attorney. The adjusted bill now totals $6,756.29.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 20]. The Court awards Plaintiff's attorney a total of $6,756.29 in EAJA fees. The Court further **ORDERS** that the payment in the amount of $6,756.29 be made directly to Plaintiff's attorney, Barry A. Schultz, in accordance with the Retainer and Fee Agreement for Federal Court Representation signed by Plaintiff.

SO ORDERED this 3rd day of July, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record.